OSCAR MCCLENDON v. THE STATE.

No. 16412. Delivered February 21, 1934.
Reported in 68 S. W. (2d) 1040.

The opinion states the case.

*Nat Patton* and *C. W. Kennedy, Jr.*, both of Crockett, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, the punishment being assessed at two years in the penitentiary.

Under the authority of a search warrant officers found in appellant's house thirty-nine one-half pints of whisky and two half-gallon jars of whisky. They also found a quantity of empty pint and half-pint bottles. The evidence also showed that appellant had been selling whisky, and that he had bought six or eight cases of half-pint bottles. No evidence for appellant was introduced.

The motion for a new trial was overruled on August 26th, and thirty days allowed for filing statement of facts and bills of exception. The time expired on September 25th. On September 23rd, an attorney requested the court to further extend the time upon the ground that counsel who had represented appellant on the trial had withdrawn from the case and that present counsel was not employed until August 19th, and had not been able to secure the statement of facts and to prepare bills of exception within the time originally allowed. The court declined to grant any further extension. To this action of the court appellant excepted and the only bill found in the record relates to that matter. The statement of facts is in the record and was in fact filed in the lower court on September 25th, within the thirty-day period. There is no showing in the application for a further extension that exceptions were reserved to any proceeding or ruling of the court during the trial. Unless such exceptions had been taken it would have availed appellant nothing to extend the time save an unnecessary delay. Article 760, C. C. P., provides that the trial judge "may, for good cause shown, grant an extension of time." It is within the discretion of the trial judge to refuse or grant it. An abuse of discretion is not here shown.

We observe irregularities both in the judgment and the sentence. In the judgment it is directed that appellant be punished by confinement in the penitentiary for a term of not less than one nor more than five years. The judgment is reformed to show that appellant is adjudged to be guilty of the possession of intoxicating liquor for the purpose of sale, as found by the jury, and that he be punished by confinement in the penitentiary for a term of two years.

The sentence fails to give application in the proper manner

of the Indeterminate Sentence Law. It directs that appellant be confined in the penitentiary for a term of not less than two years nor more than two years. The sentence is reformed to direct that appellant be confined in the penitentiary for a term of not less than one nor more than two years.

As thus reformed, the judgment is affirmed.

*Reformed and affirmed.*